The NATIONAL LABOR RELATIONS BOARD, Petitioner,

v.

KENT CORPORATION, Respondent.

No. 77–2199
Summary Calendar.*

United States Court of Appeals, Fifth Circuit.

Dec. 5, 1977.

* Rule 18, 5th Cir.; *see Isbell Enterprises, Inc. v. Citizens Casualty Co. of New York et al.,* 5 Cir. 1970, 431 F.2d 409, Part I.

Elliott Moore, Deputy Assoc. Gen. Counsel, Janet McCaa, Supervisor, Linda E. Auerbach, Atty., John S. Irving, Gen. Counsel, John E. Higgins, Jr., Deputy Gen. Counsel, Carl L. Taylor, Assoc. Gen. Counsel, N. L. R. B., Washington, D. C., for petitioner.

John M. Breckenridge Jr., Tampa, Fla., for respondent.

Before GOLDBERG, CLARK and FAY, Circuit Judges:

PER CURIAM:

The National Labor Relations Board petitions under Section 10(e) of the National Labor Relations Act[1] for enforcement of a back pay order issued against the respondent, Kent Corporation, in favor of its former employee, Roy Glass. This enforcement action presents two questions: (1) whether substantial evidence supports credibility judgments made by the Administrative Law Judge and affirmed by the Board, and (2) whether Kent may now contend that the Act does not protect Glass because he was taking part in a managerial training program at the time of his dismissal. We enforce the Board's order.

In an earlier enforcement proceeding, a panel of this circuit upheld a decision by the Board that Kent wrongfully discharged Glass and others and committed other unfair labor practices. *NLRB v. Kent Corp.*, 530 F.2d 610 (5th Cir. 1976). This proceeding was remanded to the Board on a limited issue involving Glass's entitlement to back pay.

A former Kent employee, Ralph Wilson, had testified before the ALJ that Glass encouraged him to call in a bomb threat to the Kent plant and that he, Wilson, had made such a call. Glass denied that he had any part in the scheme. Wilson's credibility was crucial to determining whether Glass had played such a role in the bomb threat as to render him ineligible for back pay. The panel found that the ALJ failed to make a sufficiently specific finding as to Wilson's credibility.[2]

1. National Labor Relations Act § 10(e), 29 U.S.C.A. § 160(e) (1973).

2. The ALJ's opinion stated Wilson's testimony had been offered for a different issue than Glass's eligibility for back pay, that Glass's eligibility had not been made an issue by Kent,

Upon remand, the Board referred the issue to the ALJ who presided at the initial hearing. Wilson could not be reached for questioning about his story. In his opinion on remand, affirmed by the Board, the ALJ found that Wilson's testimony was not credible. In characterizing Wilson's earlier testimony as "pitiable," the ALJ explained he had meant that it was not credible. Substantial evidence on the record supports this determination. Kent obtained Wilson's affidavit implicating Glass when Wilson asked a company official for a job recommendation. Wilson gave the affidavit and got a favorable recommendation, despite the bomb threat. Notwithstanding Wilson's affidavit, Kent rehired Glass less than a week after Wilson implicated him. At the original hearing, the ALJ characterized Glass as a completely trustworthy witness. Under these circumstances, the ALJ reasonably could have credited Glass's testimony and discredited Wilson's.

■ On remand, Kent asserted for the first time that the Act does not protect Glass because he was taking part in a managerial trainee program when discharged. Kent seeks to excuse this untimely assertion of its theory because "two post-appeal cases shedding light upon Glass's managerial employee status constitute extraordinary circumstances" curing its failure to preserve this issue: the Supreme Court's decision in *NLRB v. Bell Aerospace Co.,* 416 U.S. 267, 94 S.Ct. 1757, 40 L.Ed.2d 134 (1974), and the Board's decision in *Curtis Noll Corp.,* 218 NLRB 1447 (1975).

For two reasons these cases do not excuse Kent's delay. First, the Supreme Court decided *Bell Aerospace* on April 23, 1974, three months before the Board's original decision on the charges against Kent. The Board decided *Curtis Noll Corp.* on June 30, 1975, ten months before this circuit remanded the issue of Glass's entitlement to back pay. Kent neither petitioned the Board for a rehearing nor sought leave to present this theory to the panel in the original enforcement action. Except for the limited purpose of our remand, the matter was concluded by our prior adjudication. Second, the theory advanced by Kent existed prior to the decision of *Bell Aerospace* and *Curtis Noll. Bell Aerospace* rested in part upon the Board's consistent denial of the Act's protection to persons with managerial status. The factors for establishing when participation in a "managerial trainee program" will amount to managerial status did not originate in *Curtis Noll,* but, as the decision itself shows, derive from a series of cases decided by the Board many years earlier.[3]

Because we find that substantial evidence supports the order of the Board and because Kent failed to make a timely presentation of its argument that Glass's status as a managerial trainee denied him the protection of the Act, the Board's order is

ENFORCED.

---

and that the Board had not recalled Glass as a witness to respond to Wilson's testimony. 530 F.2d at 612.

**3.** In determining that the trainees in *Curtis Noll Corp.* were not protected under the Act, the ALJ, in an opinion affirmed by the Board, noted a number of earlier cases in which managerial trainees were excluded from the bargaining units of rank and file workers. 218 NLRB at 1452, *citing Big N Department Store No. 333,* 199 NLRB 174 (1972); *Henriksen, Inc.,* 191 NLRB 662 (1971); *Montgomery Ward & Co., Inc.,* 131 NLRB 1436 (1961); *Diana Shop of Spokane, Inc., and Hughes Apparel, Inc.,* 118 NLRB 743 (1957); *WTOP, Inc.,* 115 NLRB 758 (1956).